UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION <br><br> Defendants. | Ct. No. 21-00178 |

## COMPLAINT

Plaintiff Richmond International Forest Products LLC ("RIFP"), by and through its counsel, alleges as follows:

### I. ADMINISTRATIVE DECISION TO BE REVIEWED

1. This action seeks judicial review to challenge the denial of RIFP's Protest No. 530120106603 under the Tariff Act of 1930, as amended (the "Act"), section 515(b), 19 U.S.C. § 1515(b) (2018). RIFP challenges the wrongful collection and assessment of antidumping ("AD") and countervailing duties ("CVD") duties applicable to certain products of China authorized under Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411 ("Section 301 duties"), Merchandise Processing Fees ("MPF") and over collection of the Harbor Maintenance Fee ("HMF") by U.S. Customs and Border Protection ("CBP") on the entry underlying the protest denial subject to this action.

### II. JURISDICTION

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a), which provides that "{t}he Court of International Trade shall have exclusive jurisdiction of any civil

action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." RIFP's Protest No. 530120106603 was deemed denied pursuant to 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22 (2020). Jurisdiction in this Court is, therefore, proper under 28 U.S.C. § 1581(a).

### III.     STANDING

3.    RIFP is the importer of record that filed Protest No. 530120106603 and the real party in interest in connection with the entry underlying the denial of the protest at issue in this action.

4.    Accordingly, RIFP has standing to commence this action pursuant to 28 U.S.C. § 2631(a).

### IV.     TIMELINESS OF THIS ACTION

5.    Protest No. 530120106603 was deemed denied on January 14, 2021, pursuant to 19 U.S.C. § 1515(b).

6.    RIFP commenced this action pursuant to 515 of the Act, 19 U.S.C. § 1515, by filing a summons within 180 days of the date of the denial of Protest No. 530120106603, as required by 28 U.S.C. §§ 2632(b), 2636(a)(2) and Rule 3(a)(1) of the Rules of the U.S. Court of International Trade. Thus, this lawsuit is timely filed pursuant to 28 U.S.C. §§ 2632(b), 2636(a)(2) and USCIT R. 3(a)(1).

7.    All liquidated duties, taxes and charges have been paid prior to the commencement of this action.

## V.     FACTUAL BACKGROUND AND DESCRIPTION OF MERCHANDISE INVOLVED

8. RIFP was founded in 1982. RIFP has been in the business of purchasing and selling various commodities in the wood products industry, including lumber, plywood and imported products, primarily focused on hardwood plywood.

9. In February 2018, RIFP began sourcing hardwood plywood manufactured in Cambodia by Cambodian manufacturer LB Wood (Cambodia) Co., Ltd. ("LB Wood").

10. As part of RIFP's due diligence to ensure it would report the correct country of origin to CBP, in July 2018 RIFP engaged Benchmark International ("Benchmark"), an independent third-party auditor with expertise in the wood industry and the production of plywood, to conduct a full factory inspection to further corroborate the country of origin of LB Wood's plywood exported from Cambodia.

11. Benchmark visited LB Wood in July 2018 for a three-day initial inspection, to be followed by an intensive four-month on-site audit. This four-month audit covered the period from September 9-December 25, 2018, except for the days between October 6-15, 2018 when Benchmark was not on site.

12. The information gathered and documented by Benchmark established that LB Wood produced the hardwood plywood imported under Entry No. 990-09513716 in Cambodia during the period of Benchmark's observations.

13. On February 7, 2019, RIFP imported hardwood plywood into the United States under Entry No. 990-09513716 as a "Type 01" consumption entry, declaring the subject hardwood plywood to have a country of origin of Cambodia. RIFP properly entered the hardwood plywood as a Cambodian-origin product given that RIFP had definitely established, via its own due

diligence verification and that of a third-party auditor, that the merchandise exported by LB Wood and imported on Entry No. 990-09513716 was manufactured in Cambodia.

14. At the time Entry No. 990-09513716 was filed, the only required payment posted by RIFP was the HMF (also referred to as HMT) of 0.125%, amounting to $41.81. This is because the hardwood plywood originated in Cambodia and the U.S. Harmonized Tariff Schedule ("HTS") classification of the merchandise, i.e., subheading 4412.33.0640, was duty free at the time the entry was filed.

15. RIFP did not deposit estimated AD/CVD duties, Section 301 duties or MPF given the hardwood plywood was a Cambodian-origin product and no AD/CVD order has been in effect for imports of hardwood plywood from Cambodia and no MPF is owed on merchandise that is a "product of" a least developing country such as Cambodia pursuant to 19 C.F.R. § 24.23(c)(1)(iv).

16. On March 29, 2019, more than a month after the date of entry and release of the merchandise, CBP rejected Entry No. 990-09513716 and demanded RIFP refile as a "Type 03" consumption entry and pay the AD/CVD duties applicable to imports of multilayered wood flooring from China under case numbers A-570-970/C-570-971, despite the invoice and other entry documents establishing that the merchandise was hardwood plywood from Cambodia and not multilayered wood flooring. See Multilayered Wood Flooring From the People's Republic of China: Final Determination of Sales at Less Than Fair Value, 76 Fed. Reg. 64,318, 64.320 (Dep't Commerce Oct. 18, 2011) (stating that the subject merchandise of the AD order is "Multilayered wood flooring . . . composed of an assembly of two or more layers or plies of wood veneer(s) in combination with a core"); Multilayered Wood Flooring From the People's Republic of China: Final Affirmative Countervailing Duty Determination, 76 Fed. Reg. 64,313, 64,314 (Dep't Commerce Oct. 18, 2011) (same).

17. In the rejection notice, CBP stated that the country of origin of the imported merchandise was China, instead of Cambodia, because "CBP visit to the manufacturer in Cambodia determined that the actual country of origin of the merchandise is China as only minor processing occurs in Cambodia."

18. CBP did not provide any legal or other factual basis for its finding that the merchandise covered by Entry No. 990-09513716 was actually manufactured in China or its conclusion that only minor processing of that merchandise occurred in Cambodia.

19. CBP did not provide any legal or factual basis for its finding that the merchandise covered by Entry No. 990-09513716 was subject to the AD/CVD orders on multilayered wood flooring, despite the fact that the imported merchandise was not flooring.

20. As required by the CBP rejection notice, on April 9, 2019 RIFP refiled Entry No. 990-09513716 as "Type 03" and posted AD/CVD duties at a rate of 25.62% and 1.5%, respectively, the rates for multilayering wood flooring from China under case nos. A-570-970/C-570-971, without agreeing with CBP that any AD/CVD was owing under that or any AD/CVD case. The AD duties amounted to $8,569.63 and CVD to $501.74.

21. At the time of refiling of the rejected entry, RIFP was required to post Section 301 duties at the rate of 10% applicable to Chinese-origin hardwood plywood classifiable under U.S. Harmonized Tariff Schedule subheading 4412.33.0640. See Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 83 Fed. Reg. 47,974, 48,093 (U.S. Trade Rep., Sept. 21, 2018). The Section 301 duties amounted to $3,344.90.

22. At the time of refiling of the entry, RIFP also posted the payment of MPF at a rate of 0.3464% ($115.87) and paid HMF of 0.125% for a second time ($41.81).

23.     On April 17, 2019, RIFP and its counsel met with Bob Bekalarski, Assistant Center Director for the Industrial & Manufacturing Materials Center for Excellence and Expertise ("CEE"), in order to try to understand the basis for the rejection of Entry No. 990-09513716, among other entries.

24.     During this meeting, CBP, despite RIFP's counsel's requests, refused to provide any facts in support of its conclusion that the merchandise covered by Entry No. 990-09513716 was actually manufactured in China or its conclusion that only minor processing of that merchandise occurred in Cambodia.

25.     On June 26, 2019, CBP's Trade Remedy Law Enforcement Directorate initiated Enforce and Protect Act ("EAPA") Investigation No. 7321, though public notice was not provided until more than three (3) months later, or October 1, 2019.

26.     Upon information and belief, EAPA Investigation No. 7321 arose from an allegation of evasion of the AD/CVD orders on hardwood plywood from China against three importers (but not against RIFP), InterGlobal Forest, LLC American Pacific Plywood, Inc. and U.S. Global Forest Inc., arising from their importation of plywood produced by LB Wood in Cambodia.  See U.S. Customs Border Prot., Notice of Initiation of Investigation and Interim Measures - EAPA Cons. Case 7321 (Oct. 1, 2019).

27.     RIFP was not named in the EAPA allegation or in any documentation publicly released by CBP in EAPA Investigation No. 7321.

28.     RIFP is not a target of any existing EAPA allegation or investigation.

29.     On November 4, 2019, RIFP had a second meeting with members of the CEE, including Center Director Ann Marie Paul, to continue the discussion of the rejection of Entry No. 990-09513716 and other RIFP entries of hardwood plywood produced by LB Wood in Cambodia.

CBP again would not, and did not, provide any information or explanation of the basis of the rejection of the entry underlying the denial of Protest No. 530120106603 or any other RIFP entry, despite requests by RIFP for such information.

30.     During this second meeting, CBP, despite RIFP's counsel's requests, again refused to provide any facts in support of its conclusion that the merchandise covered by Entry No. 990-09513716 was actually manufactured in China or its conclusion that only minor processing of that merchandise occurred in Cambodia.

31.     Upon information and belief, therefore, there are no facts supporting CBP's conclusion that the merchandise covered by Entry No. 990-09513716 was actually manufactured in China or its conclusion that only minor processing of that merchandise occurred in Cambodia.

32.     On June 29, 2020, CBP's Trade Remedy Law Enforcement Directorate made an affirmative finding of evasion as to the specific importers (but not RIFP) covered by the EAPA Investigation 7321. See U.S. Customs Border Prot., Notice of Determination as to Evasion, EAPA Case No. 7321 (June 29, 2020). Again, RIFP was never a part of this EAPA investigation and thus was not determined by CBP to have evaded the AD/CVD orders on hardwood plywood from China. After filing a request for administrative review, later denied, the importers covered by EAPA Investigation 7321 appealed to the U.S. Court of International Trade. See Am. Pacific Plywood Inc. et al. v. United States, Consol. Ct. No. 20-03914.

33.     On August 21, 2020, CBP liquidated Entry No. 990-09513716 as subject to the AD/CVD orders on hardwood plywood from China (case numbers A-570-051/C-570-052), instead of the AD/CVD orders covering imports of multilayered wood flooring from China (case numbers A-570-970/C-570-971) that CBP had decided were applicable in its rejection notice of March 29, 2019. On the same date, CBP issued Bill No. 482634379 seeking the difference between the

AD/CVD rates applicable to imports on multilayered wood flooring from China, i.e., 25.62% and 1.5%, respectively that RIFP had posted at the time of refiling Entry No. 990-09513716 and the AD/CVD rates applicable to imports of hardwood plywood from China, i.e., 183.36% and 22.98%, respectively, plus interest. The AD duties in the bill amounted to $52,762.46 and the CVD amounted to $7,184.84. On August 28, 2020, CBP reliquidated the entry applying the same AD/CVD amounts but adjusting the interest.

## RIFP'S TIMELY PROTEST

34. On December 8, 2020, RIFP timely filed Protest No. 530120106603 within 180 days of the date of liquidation/reliquidation.

35. In its protest, RIFP provided hundreds of pages of documentation that showed that the hardwood plywood entered under Entry No. 990-09513716 was manufactured in Cambodia by LB Wood.

36. In particular, RIFP provided the entry documents, including the CF7501, commercial invoice, packing list, payment record and country of origin certificate showing the hardwood plywood was produced by LB Wood in Cambodia and imported directly from Cambodia.

37. RIFP also provided its due diligence supplier questionnaire along with an internally generated "Inspection Report" for the purchase order underlying the protested entry, including pictures of the hardwood plywood's production process and LB Wood's manufacturing equipment showing that LB Wood produced the hardwood plywood in Cambodia.

38. RIFP also submitted production records provided to RIFP by LB Wood showing every stage of production of the hardwood plywood subject to this action from the initial stage of

taking the veneers out of inventory through each stage of production until the merchandise was packed for shipment.

39. RIFP provided inspection records generated by Benchmark that documented that the production of Entry No. 990-09513716 was observed directly by Benchmark's independent, third-party auditors.

40. Taken together, the documents provided by RIFP in support of Protest No. 530120106603 definitively demonstrated that LB Wood produced the full quantity of merchandise imported by RIFP in Entry No. 990-09513716 in Cambodia.

41. The facts provided by RIFP in its protest demonstrated that the country of origin of the merchandise covered by Entry No. 990-09513716 was Cambodia.

42. As products of Cambodia, the hardwood plywood covered by Entry No. 990-09513716 clearly does not fall within the scope of the AD/CVD orders on hardwood plywood from China (or the orders on multilayered wood flooring), and is not subject to the assessment of Section 301 duties or MPF applicable to products of Chinese origin.

43. The scope of the AD/CVD orders on hardwood plywood from China defines the merchandise covered by the orders in part as "a generally flat, multilayered plywood or other veneered panel, consisting of two or more layers or plies of wood veneers and a core . . ." – i.e., a product having at least three layers. <u>Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less than Fair Value, and Antidumping Duty Order</u>, 83 Fed. Reg. 504, 512 (Dep't Commerce Jan. 4, 2018); <u>Certain Hardwood Plywood Products From the People's Republic of China: Countervailing Duty Order</u>, 83 Fed. Reg. 513, 515 (Dep't of Commerce Jan. 4, 2018).

9

44. Similarly, CBP defines plywood to consist of "three or more sheets of wood glued and pressed one on the other and generally disposed so that the grains of successive layers are at an angle." Customs Ruling N305334 (Aug. 9, 2019) (citing World Customs Organization Explanatory Notes). Indeed, at industry conventions, CBP has expressly stated that to be covered by the AD/CVD case on hardwood plywood, a panel must have "AT LEAST THREE LAYERS." LAURA DUVALL, U.S. CUSTOMS & BORDER PROT., PLYWOOD, VENEERED PANELS, AND SIMILAR LAMINATED WOOD at slides 24, 42, 50 (2018) ("CBP Presentation"), attached to Protest No. 530120106603 as Ex. 9.

45. In its protest, RIFP argued that although LB Wood imported individual veneer sheets from China for production into plywood in Cambodia, those veneer sheets were clearly outside the scope of the AD/CVD orders as a matter of fact.

46. The information provided by RIFP in its protest regarding production at LB Wood demonstrated that the plywood underwent significant processing steps in Cambodia from pressing single veneers into a core to face lamination and hot pressing through to final packaging.

47. RIFP noted in its protest that CBP considers such production operations as pressing a plywood core to constitute a "substantial transformation," rendering Cambodia the country of origin of the plywood. See, e.g., Customs Ruling N291240 (Nov. 7, 2017); Customs Ruling N282788 (Feb. 7, 2017). In other words, CBP considers the country of origin of a plywood panel to be dictated by the country of origin of the plywood core or substrate.

48. CBP itself has even declared that where "{v}eneers are cut in China and shipped to Vietnam where they are laminated into plywood panels" the country of origin is Vietnam, and no AD/CVD is owing because the "product is of Vietnamese origin." CBP Presentation at slide 50.

49. In order to determine whether the imported merchandise covered by Entry No. 990-09513716 was subject to the AD/CVD order on hardwood plywood from China, CBP made factual findings regarding the location where the plywood core for this merchandise was manufactured.

50. In its protest, RIFP provided evidence demonstrating that the plywood panels covered by Entry No. 990-09513716 were produced by LB Wood in Cambodia from Cambodian or Chinese veneer sheets, which were pressed into a core in Cambodia.

51. In reaching its decision to liquidate/reliquidate Entry No. 990-09513716 with the assessment of AD/CVD based upon the AD/CVD orders on hardwood plywood from China, CBP made a factual determination that the plywood core for these products was manufactured in China.

52. To the extent CBP's factual analysis in this case resulted in the decision to apply the AD/CVD orders on hardwood plywood from China to merchandise produced by LB Wood in Cambodia, that decision is protestable. See, e.g., LDA Incorporado v. United States, __ CIT __, 79 F. Supp. 3d 1331, 1340 (2015) ("The factual analysis and application of the scope to the goods in question are decisions of Customs" that are protestable).

53. In its protest, RIFP also alleged that the manner by which CBP conducted itself in rejecting its entry and concluding that the merchandise was subject to the AD/CVD orders, Section 301 duties and MPF violated RIFP's constitutional rights. The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965). Further, the Court recently held that when an importer is subject to AD/CVD duties by CBP based on allegations of evasion, it must be given adequate notice and "an opportunity to present … objections" in a "meaningful manner." Royal Brush Mfg. v. United States, __ CIT __, 483 F. Supp. 3d 1294, 1306 (2020). Namely, "due process 'forbids an agency to use evidence in a way that forecloses an opportunity to offer a contrary

presentation.' … Thus, to comply with due process, Customs' procedures must afford adequate opportunity for importers to respond to the evidence used against them." Id. (citing Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 289 n.4 (1974)).

54. In this case, RIFP was deprived of its constitutional right to offer a "contrary presentation" in that CBP never provided it with any explanation as to the evidence that it had obtained that led CBP to determine that the merchandise originated in China. As RIFP argued in its protest, CBP deprived RIFP of a meaningful opportunity to respond to CBP's determination that the plywood on the protested entry had a country of origin of China given that CBP did not provide any factual or legal basis for its conclusion that only minor processing occurred at LB Wood. CBP provided no opportunity for RIFP to review whatever evidence CBP had in its possession that supposedly showed only minor processing at LB Wood. In this manner, CBP's actions violated RIFP's constitutional rights.

55. On December 14, 2020, RIFP mailed a request for accelerated disposition by certified mail pursuant to 19 C.F.R. § 174.22.

56. CBP neither allowed nor denied Protest No. 530120106603, in whole or in part, within 30 days of the date that RIFP mailed the request for accelerated disposition. Protest No. 530120106603 was, therefore, deemed denied on January 14, 2021 pursuant to 19 U.S.C. § 1515(b).

## VI.  STATEMENT OF THE CLAIMS

### COUNT I

57. RIFP herein incorporates by reference paragraphs 1 through 56, supra, of this complaint.

58. The AD/CVD orders on hardwood plywood from China by their terms cover goods of Chinese origin.

59. Detailed production information, contemporaneous third-party inspection reports and other information provided by RIFP in its protest demonstrate that the merchandise covered by Entry No. 990-09513716 was manufactured by LB Wood in Cambodia, and that the country of origin of that merchandise is Cambodia.

60. Because the Cambodian origin merchandise covered by Entry No. 990-09513716 clearly does not fall within the scope of the AD/CVD orders against hardwood plywood from China, CBP improperly assessed and collected AD/CVD duties applicable to hardwood plywood from China.

61. CBP's decision to assess AD/CVD on the merchandise imported on Entry No. 990-09513716 based on its factual determination that the hardwood plywood covered by Entry No. 990-09513716 was actually manufactured in China and its factual determination that only minor processing of that merchandise occurred in Cambodia, were unlawful.

## COUNT II

62. RIFP herein incorporates by reference paragraphs 1 through 61, supra, of this complaint.

63. The Section 301 duties authorized by the Trade Act of 1974 and implemented by the United States Trade Representative effective September 24, 2018 apply only to goods of Chinese origin.  See Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 83 Fed. Reg. 47,974 (U.S. Trade Rep., Sept. 21, 2018).

64.     Detailed production information, contemporaneous third-party inspection reports and other information provided by RIFP in its protest demonstrate that the merchandise covered by Entry No. 990-09513716 was manufactured by LB Wood in Cambodia, and that the country of origin of that merchandise is Cambodia.

65.     CBP's decision to assess Section 301 duties on the merchandise imported on Entry No. 990-09513716 based upon its factual determination that the hardwood plywood covered by Entry No. 990-09513716 was actually manufactured in China and its factual determination that only minor processing of that merchandise occurred in Cambodia, were unlawful.

## COUNT III

66.     RIFP herein incorporates by reference paragraphs 1 through 65, supra, of this complaint.

67.     Merchandise that is a "product of" a least developing country such as Cambodia is not subject to MPF.  See 19 C.F.R. § 24.23(c)(1)(iv); Customs Ruling H156916 (Oct. 27, 2011).

68.     Detailed production information, contemporaneous third-party inspection reports and other information provided by RIFP in its protest demonstrate that the merchandise covered by Entry No. 990-09513716 was manufactured by LB Wood in Cambodia, and that the country of origin of that merchandise is Cambodia.

69.     CBP's decision to assess MPF against the imported merchandise based upon its factual determination that the hardwood plywood covered by Entry No. 990-09513716 was actually manufactured in China and its factual determination that only minor processing of that merchandise occurred in Cambodia, were unlawful.

**COUNT IV**

70.    RIFP herein incorporates by reference paragraphs 1 through 69, supra, of this complaint.

71.    The Administrative Procedure Act authorizes the Court to hold unlawful and set aside agency action that is: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; {or} (E) unsupported by substantial evidence."  5 U.S.C. § 706(2).

72.    An agency decision is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).  An abuse of discretion occurs where the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represents an unreasonable judgment in weighing relevant factors.  See Arnold P'ship v. Dudas, 362 F.3d 1338, 1340 (Fed. Cir. 2004).

73.    CBP's application of AD/CVD, Section 301 duties, MPF and HMF to the protested entry was arbitrary, capricious and an abuse of discretion in that CBP entirely failed to consider the abundant evidence submitted by RIFP demonstrating that the country of origin of the imported plywood was considered Cambodia, not China, contrary to both the law and the facts presented.  CBP's determination was further arbitrary, capricious and an abuse of discretion in that CBP failed

to provide any explanation whatsoever for its decision to apply AD/CVD, Section 301 duties, MPF and additional HMF to the protested entry and its decision rested on an erroneous interpretation of law and factual findings that were not supported by substantial evidence and represented an unreasonable judgment weighing relevant factors.

## COUNT V

74. RIFP herein incorporates by reference paragraphs 1 through 73, supra, of this complaint.

75. CBP's application of AD/CVD, Section 301 duties, MPF and additional HMF applicable to hardwood plywood from China to Entry No. 990-09513716 deprived RIFP of the opportunity to respond to CBP's allegation, violating RIFP's due process rights under the Fifth Amendment of the U.S. Constitution.  See Grannis v. Ordean, 234 U.S. 385, 394 (1914) (stating that "the fundamental requisite of due process of law is the opportunity to be heard"); see also Transcom, Inc. v. United States, 24 CIT 1253, 1272, 121 F. Supp. 2d 690, 708 (2000) (citing to Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).  This Court has found that when an importer is subject to AD/CVD duties by CBP based on allegations on evasion, it must be given adequate notice and "an opportunity to present . . . objections" in a "meaningful manner." Royal Brush, __ CIT at __, 483 F. Supp. 3d at 1305-06.  CBP failed to provide RIFP with any factual or legal basis for its conclusion that only minor processing occurred in Cambodia or any opportunity for RIFP to review whatever evidence CBP had in its possession that supposedly showed only minor processing took place in LB Wood.  In this matter, CBP's action violated RIFP's constitutional rights and the liquidation/reliquidation of Entry No. 990-09513716 with AD/CVD, Section 301 duties, MPF and additional HMF was contrary to law.

## COUNT VI

76. RIFP herein incorporates by reference paragraph 1 through 75, supra, of this complaint.

77. Detailed production information, contemporaneous third-party inspection reports and other information provided by RIFP in its protest demonstrate that the merchandise covered by Entry No. 990-09513716 was manufactured by LB Wood in Cambodia, and that the country of origin of that merchandise is Cambodia.

78. CBP's decision to apply the antidumping rate of 183.36%, the China-wide entity rate, to the imported merchandise based upon its factual determination that the hardwood plywood covered by Entry No. 990-09513716 was actually manufactured in China and its factual determination that only minor processing of that merchandise occurred in Cambodia, were without legal basis.

79. CBP's decision to apply the China-wide entity rate to the imported merchandise is arbitrary and capricious, and therefore contrary to law, given the absence of any evidence that the hardwood plywood covered by Entry No. 990-09513716 was actually manufactured in China, let alone by a Chinese company subject to the China-wide entity rate.

80. Further, there is no evidence that CBP ever requested that the Department of Commerce determine the applicable AD/CVD assessment rates for RIFP's entry.

81. CBP's application of the antidumping rate of 183.36% as the rate of assessment was therefore contrary to law.

## COUNT VII

82. RIFP herein incorporates by reference paragraphs 1 through 81, supra, of this complaint.

83. CBP improperly assessed and collected double HMF on the hardwood plywood imported under Entry No. 990-09513716, despite record evidence that RIFP had already posted HMF for the entry at the time of filing. CBP's assessment of HMF for a second time was contrary to law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, RIFP respectfully prays that this Court:

(1) Direct CBP to grant Protest No. 530120106603.

(2) Direct CBP to reliquidate Entry No. 990-09513716 at the rate of duty, value, quantity and amount of duty asserted by RIFP at the time of entry prior to rejection of the entry, i.e., without application of AD/CVD, Section 301 duties or MPF.

(3) Direct CBP to refund all AD/CVD paid by RIFP, with interest.

(4) Direct CBP to refund the payment of all Section 301 duties, MPF and excess HMF, with interest.

(5) Provide such other relief as this honorable Court deems proper.

Respectfully submitted,

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Kristin H. Mowry
Jill A. Cramer
Sarah M. Wyss
Bryan P. Cenko
Wenhui Ji
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to Plaintiff*

Date: April 21, 2021