UNITED STATES COURT OF INTERNATIONAL TRADE
HON. M. MILLER BAKER, JUDGE

---

| | |
|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS LLC | |
| Plaintiff, | Court Nos. 21-00178, 21-00063, 21-00318 and 21-00319 |
| v. | |
| UNITED STATES, U.S. CUSTOMS & BORDER PROTECTION | |
| Defendants. | |

---

## ORDER

Upon reading *Plaintiff's Motion for Consolidation or Test Case Designation and Suspension*, upon due deliberation and consideration of all other papers before the Court, and for good cause shown, it is hereby,

ORDERED that Court Nos. 21-00178, 21-00063, 21-00318 and 21-00319 are consolidated under this lead case, Richmond International Forest Products LLC v. United States, Consolidated Court No. 21-00178; and it is further

ORDERED that the parties shall confer and submit a joint motion to amend the scheduling order in Consolidated Court No. 21-00178 within 30 days to ensure the expeditious continuation of discovery in this lead case.

_____
Judge M. Miller Baker

Dated:   New York, New York

_____, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
HON. M. MILLER BAKER, JUDGE

---

| | | |
|---|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS LLC | : | |
| Plaintiff, | : | Court Nos. 21-00178, 21-00063, 21-00318 and 21-00319 |
| v. | : | |
| UNITED STATES, U.S. CUSTOMS & BORDER PROTECTION | : | |
| Defendants. | : | |

---

## ORDER

Upon reading *Plaintiff's Motion for Consolidation or Test Case Designation and Suspension*, upon due deliberation and consideration of all other papers before the Court, and for good cause shown, it is hereby,

ORDERED that Court No. 21-00178 shall be designated as a test case pursuant to Rule 84(b) and that the Clerk of the Court shall place case 21-00178 on the test case list;

ORDERED that Court Nos. 21-00063, 21-00318 and 21-00319 involve the same significant issues of law with the above captioned case, and shall be placed by the Clerk of the Court on the Suspension Calendar in accordance with Rule 84 pending final determination of case 21-00178 granted test case designation.

_____
Judge M. Miller Baker

Dated:    New York, New York

         _____, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
HON. M. MILLER BAKER, JUDGE
-------------------------------------------------------------------------
| | |
|---|---|
| RICHMOND INTERNATIONAL : | |
| FOREST PRODUCTS LLC : | |
| : | |
| : | |
| : | |
| Plaintiff, : | Court Nos. 21-00178, |
| : | 21-00063, 21-00318 |
| v. : | and 21-00319 |
| : | |
| UNITED STATES, : | |
| U.S. CUSTOMS & BORDER PROTECTION : | |
| : | |
| Defendants. : | |

-------------------------------------------------------------------------

**PLAINTIFF'S MOTION FOR CONSOLIDATION OR
TEST CASE DESIGNATION AND SUSPENSION**

Pursuant to Rule 42(a) of the United States Court of International Trade, Plaintiff respectfully requests the Court to consolidate the captioned actions or, in the alternative, to designate Court No. 21-00178 as a test case pursuant to Rule 83(f), and to place Court Nos. 21-00063, 21-00318 and 21-00319 on the Suspension Calendar in accordance with Rule 83(h), as they each involve the same significant issues and questions of law or fact as Court No. 21-00178.

I. Background

Each of the captioned actions concerns hardwood plywood manufactured in Cambodia by Cambodian manufacturer LB Wood (Cambodia) Co., Ltd. ("LB Wood"). The subject merchandise was imported into the United States in a total of 60 different entries filed in 2018 and 2019 as follows:

| Court Number | Protest Number | Number of Entries |
|---|---|---|
| 21-00178 | 5301-20-106603 | 1 |
| 21-00063 | 4601-20-118749 | 3 |
| 21-00318 | 4601-21-125036 | 23 |
| 21-00319 | 4601-21-125039 | 33 |

For each of these shipments, Plaintiff did not, at the time of entry, deposit antidumping ("AD") and countervailing duties ("CVD") duties, or the duties applicable to certain products of China authorized under Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411 ("Section 301 duties"), or merchandise processing fees ("MPF"), given that the hardwood plywood was a Cambodian-origin product. No AD/CVD order has been in effect for imports of hardwood plywood from Cambodia, no Section 301 duties apply to merchandise from Cambodia and no MPF is

owed on merchandise that is a "product of" a least developing country such as Cambodia pursuant to 19 C.F.R. § 24.23(c)(iv).

For each of the 60 entries covered by the captioned actions, U.S. Customs and Border Protection ("CBP") has made a factual determination that the plywood core for these products was manufactured in China. Based upon this factual determination, CBP concluded that the country of origin of the imported merchandise is China, instead of Cambodia, and liquidated the entries with the assessment of AD/CVD based upon the AD/CVD orders applicable to hardwood plywood from China. In addition, CBP liquidated each of the entries in the captioned actions with the assessment of Section 301 duties and MPF applicable to hardwood plywood of Chinese origin.

Plaintiff filed four separate, timely protests with CBP covering each of the entries in question, providing evidence demonstrating that the imported plywood panels covered by each entry were produced by LB Wood in Cambodia from Cambodian or Chinese veneer sheets, which were pressed into a core *in Cambodia*. Each of these protests were denied (one was deemed denied pursuant to 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22), and Plaintiff subsequently filed four separate actions

in this Court challenging these protest denials: Court No. 21-00178, Court No. 21-00318, Court No. 21-00319 and Court No. 21-00063.

Importantly, each of the four captioned actions involve the same:

1) Plaintiff:   Richmond International Forest Products LLC

2) Defendants:  United States and U.S. Customs and Border Protection[1]

3) Counsel:   Roll & Harris LLP and Mowry & Grimson, PLLC

4) Merchandise:    Hardwood Plywood

5) Manufacturer:   LB Wood in Cambodia

6) Factual Issue:   Whether the imported merchandise was manufactured using individual wood veneers that were pressed into a core in Cambodia.

7) Relief requested:    Refund of AD/CVD, Section 301 duties and MPF

As the Court is aware, Plaintiff has already begun actively litigating Court No. 21-00178.  Plaintiff opted to first file a complaint in Court No. 21-00178, believing that judicial economy would be best served by starting litigation with the case that had just a single entry.   The other cases referenced above remained on the Customs Case Management Calendar until Plaintiff filed a complaint in each of these cases on May

---

[1] The United States is the only defendant in Court No. 21-00063.

4

5, 2022. Operating under the scheduling order issued by the Court on August 27, 2021, Plaintiff served its first set of interrogatories in Court No. 21-00178 on Defendant on January 28, 2022. As of the date of this motion, Defendant has not responded to this initial discovery request (and Plaintiff has agreed to Defendant's requests for extensions of time to respond).

II. The Four Captioned Actions Should Be Consolidated Into A Single Case Pursuant To Rule 42(a).

Given that the four captioned actions involve identical parties, counsel, imported merchandise, factual issues and relief requested, we respectfully request that the Court consolidate these four actions into a single action pursuant to USCIT Rule 42(a).

As recently explained by this Court in *Danze, Inc. v. United States*, 463 F. Supp. 3d 1349, 1353 (Ct. Int'l Trade 2020), both consolidation and test case designation "serve to achieve economies of time, effort and expense, and to promote uniformity of decisions" by resolving "a common question of law or fact" shared by multiple cases. *Danze*, 463 F. Supp. 3d at 1353, *quoting Generra Sportswear, Inc. v. United States*, 16 CIT 313, 314 (1992). In consolidation, various actions are merged into a

single action, and "the final decision in [that] action has binding legal effect on all of the merged actions." *Id.*; see also USCIT Rule 42(a).

Consolidation is preferable to test case designation when the cases at issue share "a single discreet [*sic*] factual issue" with little variation between the entries involved. *Junior Gallery, Ltd. v. United States*, 16 CIT 687, 689 (1992). However, consolidation is "not appropriate when the actions are so numerous that consolidation will complicate discovery, [or] make trial preparation overly burdensome." *Peg Bandage, Inc. v. United States*, 16 CIT 319, 321 (1992) (internal citation omitted). Thus, the test case procedure "is preferable when consolidation poses a potential for an unwieldly and chaotic proceeding." *A.T. Clayton & Co. v. United States*, 16 CIT 456, 458 (1992) (internal citation omitted).

As explained previously, the four captioned actions at issue here all involve a single discrete factual issue – *i.e.*, whether the imported plywood in each entry was manufactured at LB Wood in Cambodia by pressing individual veneers into a core in Cambodia. Moreover, there is very little (if any) factual variation among the 60 entries covered by these four separate actions: all of the entries in question cover

6

substantially identical (and in most cases exactly identical) hardwood plywood products manufactured in the same manner at the same facility during the same time period. Merging these four actions into a single action would therefore significantly conserve judicial resources. Given the factual overlap among the 60 entries noted above, a single trial in the consolidated action would avoid the need for multiple proceedings to establish facts that are common and relevant to all of the cases: *e.g.*, the manner in which LB Wood operates, the production process at the factory, the types of information recorded in relevant production records, etc. In addition, consolidating these four actions into a single case would reduce the need for Plaintiff's and Defendant's counsel to engage in duplicative identical discovery requests, foreign depositions and other activities intended to determine facts that are necessarily common to all of the cases.

Importantly, there is nothing to suggest that consolidation of these four actions "would likely produce an unwieldy and chaotic case." *Danze*, 463 F. Supp. 3d at 1354. There is a single identical plaintiff in each of these cases, and thus consolidation would not require special efforts to shield confidential business information from disclosure across

different plaintiffs.  Similarly, there would be no need for the Defendant to depose multiple different company representatives pursuant to USCIT Rule 30(b)(6).  Previous cases consolidated by this Court have involved similar and, in at least one case, arguably more complex proceedings.  See, *e.g.*, *Peg Bandage, supra* (consolidating three cases covering five protests and 31 entries, all of which involved the nature of processing operations in Haiti to determine duty-free eligibility of imported merchandise under a tariff provision covering "articles exported for repairs or alterations") and *Junior Gallery*, *supra* (consolidating 96 separate cases involving different types of merchandise and four plaintiffs).

An additional consideration weighing heavily in favor of consolidation of these cases is the fact that discovery in Court No. 21-00178 is already under way.  Because these four actions share common factual issues, the current discovery process and pending first set of interrogatories already served by the Plaintiff in Court No. 21-00178 can easily be amended to cover all 60 of the entries at issue in this case – and many of the pending discovery requests would apply to all four cases even *without* any amendment regarding specific entries.  Absent

8

consolidation, three new scheduling orders and three new discovery periods will need to be established, thereby significantly compounding the time and resources required before these actions can be conclusively decided.

Based upon the above, we respectfully submit that judicial economy and the public interest in expeditious determination of these four actions will best be served by consolidating these cases. Therefore, we request this Court order the captioned actions to be consolidated under this lead case, Richmond International Forest Products LLC v. United States, Consolidated Court No. 21-00178, and issue an amendment to the scheduling order following consultations between the parties to ensure the expeditious continuation of discovery in this lead case.

III. In The Alternative, Court No. 21-00178 Should Be Designated As A Test Case Pursuant To Rule 83(f), And Court Nos. 21-00063, 21-00318 And 21-00319 Should Be Placed On The Suspension Calendar In Accordance With Rule 83(h).

In the alternative, should the Court determine that consolidation of the four captioned actions is not appropriate, we respectfully request that Court No. 21-00178 be designated as a test case pursuant to USCIT Rule 83(f), and Court Nos. 21-00063, 21-00318 and 21-00319 be

9

placed on the Suspension Calendar in accordance with USCIT Rule 83(h).

A test case is defined under USCIT Rule 83(e) as "an action, selected from a number of other pending actions involving the same significant question of law or fact that is intended to proceed first to final determination and serve as a test of the right to recovery in the other actions." As explained by the Court in *Danze*, contrary to consolidation, in a test case "the suspended actions maintain their separate identities" such that the disposition of the test case "is not necessarily legally binding on the suspended actions." *Danze*, 463 F. Supp. 3d at 1353, *quoting Generra*, 16 CIT at 314.

Court No. 21-00178 is well-suited for test case designation. The proposed test case involves a single entry and, as explained above, involves merchandise and factual issues that are substantially identical to those in cases Court Nos. 21-00063, 21-00318 and 21-00319 – specifically, whether the imported plywood was manufactured at LB Wood in Cambodia by pressing individual veneers into a core in Cambodia. Given this commonality of issues, a single trial producing a decision dispositive of Court No. 21-00178 would truly "serve as a test of

the right to recovery in the other actions," and thereby likely conserve judicial resources by avoiding duplicative litigation. Moreover, as the Court is aware, and as previously noted, Plaintiff has been actively litigating Court No. 21-00178 and the progress of this proposed test case is relatively advanced – the Defendant's answer has been filed, the Court has issued a scheduling order, the discovery process is proceeding expeditiously and Plaintiff's first set of interrogatories has been served on Defendant. Designating Court No. 21-00178 as a test case would therefore be the swiftest and most efficient means to reach a final determination of the right to recovery in all of the captioned actions.

Significantly, this Court has regularly used the test case procedure in similar actions involving the country of origin of imported merchandise. See, for example, *Meyer Corp., U.S. v. United States*, 2021 Ct. Intl. Trade LEXIS 26, SLIP OP. 2021-26, *S.C. Johnson & Son, Inc. v. United States*, 415 F. Supp. 3d 1373 (Ct. Int'l Trade 2019) and *Sassy, Inc. v. United States*, 24 C.I.T. 700, 2000 Ct. Intl. Trade LEXIS 93, SLIP OP. 2000-93. Each of these cases concerned (in whole or in part) the eligibility of the imported merchandise for duty-free treatment under the Generalized System of Preferences – a conclusion that would

11

necessarily require the court to determine the country of origin of that merchandise as a condition of preferential treatment. Rather than have the plaintiffs litigate numerous related actions involving identical facts, in each of these cases the Court narrowed its focus to a designated test case to assess the plaintiff's overall right of recovery. Similar considerations support the designation of a test case in *this* case, in which a common factual determination – *i.e.*, whether the imported plywood in each entry was manufactured at LB Wood in Cambodia by pressing individual veneers into a core in Cambodia – must be made as a condition of Plaintiff's right to recovery in each of the captioned actions.

    Pursuant to USCIT Rule 83(f), if Court No. 21-00178 is designated as a test case, Plaintiff will continue to actively prosecute this case (including any appellate prosecution or defense). In addition, to ensure that the final determination in Court No. 21-00178 can serve as a test of the right to recovery in all other actions pending before this Court that involve the same significant questions of law or fact, Plaintiff respectfully requests the Court order that Court Nos. 21-00063, 21-00318 and 21-00319 be placed on the Suspension Calendar.

On May 6, 2022, Hardeep K. Josan, Esq., counsel for Defendant, in response to the undersigned's request for consent, advised that Defendant did not yet have a position with respect to the relief requested.

WHEREFORE, Plaintiff respectfully requests that this motion be granted.

        Michael E. Roll
        Brett Ian Harris
        ROLL & HARRIS LLP
        Attorneys for Plaintiff
        1999 Avenue of the Stars – Suite 1100
        Los Angeles, CA 90067
        310-294-9501

        Jeffrey S. Grimson
        Jill A. Cramer
        MOWRY & GRIMSON, PLLC
        5335 Wisconsin Avenue, Suite 810
        Washington, DC 20015
        202-688-3610
        trade@mowrygrimson.com

        By: /s/ Michael E. Roll
        One of Plaintiff's attorneys

Dated: May 6, 2022