UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS, INC., | : | |
| | : | |
| Plaintiff, | : | Ct. No. 21-00178 |
| | : | |
| v. | : | Before: M. Miller Baker, |
| | : | Judge |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Upon reading defendant's motion for entry of confession of judgment in plaintiff's favor; and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that defendant's motion be, and hereby is, granted; and it is further

ORDERED that U.S. Customs and Border Protection shall reliquidate entry number 990-0951371-6 with a refund to plaintiff of antidumping and countervailing duties, Section 301 duties, merchandise processing fee and harbor maintenance tax together with lawful interest; and it is further

ORDERED that this action is hereby dismissed.

Dated: _____, 2022                              _____

  New York, NY                                       JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

_____

| | | |
|---|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS, INC., | : : : | |
| Plaintiff, | : : | Ct. No. 21-00178 |
| v. | : : | Before: M. Miller Baker, Judge |
| UNITED STATES, | : : | |
| Defendant. | : : | |

_____ :

## DEFENDANT'S MOTION FOR ENTRY OF CONFESSION OF JUDGMENT IN PLAINTIFF'S FAVOR

The United States (the Government), respectfully requests that judgment granting relief in favor of plaintiff Richmond International Forest Products, Inc. (RIFP), as stated herein and in the proposed order, be entered. As explained below, because RIFP has substantiated its claim that the country of origin for the imported merchandise at issue in this case is Cambodia, the Government agrees that the imported hardwood plywood covered by the entry in this case is not subject to antidumping (AD) and countervailing duties (CVD), Section 301 duties, and merchandise processing fee (MPF) applicable to merchandise from China.

## BACKGROUND

RIFP commenced this action contesting U.S. Customs and Border Protection's (CBP) assessment of AD/CVDs, Section 301 duties, MPF, and an additional harbor maintenance tax (HMT) on its import of hardwood plywood. *See generally* Compl. This case involves one entry of hardwood plywood (entry number 990-0951371-6) made by RIFP on February 7, 2019, from LB Wood (Cambodia) Co., Ltd., a manufacturer located in Cambodia. Compl. ¶ 13. According to RIFP, the hardwood plywood was manufactured in Cambodia. *Id.* RIFP therefore declared the subject merchandise to have a country of origin of Cambodia at entry. *Id.* The merchandise entered duty free and RIFP paid HMT amounting to $41.81. *Id.* at ¶ 14.

CBP determined that the country of origin of the subject merchandise was China and, at liquidation, assessed AD/CVDs, Section 301 duties and MPF applicable to merchandise from China. *Id.* at ¶ 33. RIFP timely filed a protest, and the protest was deemed denied on January 15, 2021. *Id.* at ¶¶ 34, 56. On April 21, 2021, RIFP commenced this action under 28 U.S.C. § 1581(a). Summons, Dkt. 1.

As relief, RIFP seeks a refund of AD/CVDs, Section 301 duties, MPF and overpayment of HMT.  Compl. at 18.

RIFP submitted documentation to the United States and based on that documentation, defendant will agree to reliquidate entry number 990-0951371-6 through CBP, and refund to plaintiff AD/CVDs, Section 301 duties, merchandise processing fee and HMT together with lawful interest.[1]  Agreeing with RIFP that it has met its burden of proof to establish that the imported hardwood plywood covered by entry number 990-0951371-6 was manufactured in Cambodia, we proposed to plaintiff to stipulate this case.  RIFP, however, indicated that it was not amenable to stipulation and, instead, filed a motion for consolidation or designation as test case and suspension to further litigate this case. Dkt. No. 21.

## ARGUMENT

Pursuant to Article III of the U.S. Constitution, "federal courts are only empowered to decide those claims which present live cases or

---

[1] The documentation is unclear whether RIFP overpaid the HMT, as claimed.  However, for purposes of confessing judgment, the Government is willing to refund the $41.81 which plaintiff claims to have paid twice.

controversies." *3V, Inc. v. United States*, 23 CIT 1047, 1049, 83 F.

Supp. 2d 1351, 1352 (1999) (citations omitted); *see also Aetna Life Ins.*

*Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). The Supreme Court

explained the "case or controversy" requirement in *California v. San*

*Pablo & T.R. Co.*, 149 U.S. 308 (1893):

> The duty of this court, as of every judicial
> tribunal, is limited to determining rights of
> persons or of property which are actually
> controverted in the particular case before it.
> When, it [sic] determining such rights, it becomes
> necessary to give an opinion upon a question of
> law, that opinion may have weight as a precedent
> for future decisions. But the court is not
> empowered to decide moot questions or abstract
> propositions, or to declare, for the government of
> future cases, principles or rules of law which
> cannot affect the result as to the thing in issue in
> the case before it. No stipulation of parties or
> counsel, whether in the case before the court or in
> any other case, can enlarge the power, or affect
> the duty of the court in this regard.

*San Pablo*, 149 U.S. at 314. "If a claim fails the Article III criteria, the

Court must dismiss the claim as non-justiciable regardless of a

statutory grant of jurisdiction." *3V, Inc.*, 23 CIT at 1049, 83 F. Supp. 2d

at 1353 (citations omitted). *See also Deposit Guaranty National Bank*

*v. Roper*, 445 U.S. 326, 332 (1980) (discussing jurisdiction in the context

of a federal appeal, the Court stated the following, "Should [the]

substantive claims become moot in the Art. III sense, by settlement of all personal claims for example, the court retains no jurisdiction over the controversy of the individual plaintiffs.").

Here, by conceding to all of the relief requested in RIFP's complaint, there is no justiciable claim left to be decided. *See Shah Bros. v. United States*, 953 F. Supp. 2d 1328, 1330 (Ct. Int'l Trade 2013) ("Because this Court decides legal questions only in the context of actual cases or controversies, the Government's agreement to reliquidate the subject entry . . . concludes this litigation." (citations removed)); *see also Atteberry v. United States*, 31 CIT 133, 154 (2007) ("Where – as here – the Government is willing to provide all the relief legally available to plaintiff by reliquidating Plaintiff's merchandise as entered, duty free, there is no longer a case or controversy between the parties, . . . .").

Pursuant to the limitations of Article III, RIFP no longer has a justiciable case or controversy in this action. *Shah Bros.*, 953 F. Supp. 2d at 1332 ("[B]ecause the Government has agreed to provide all the relief that is legally available to Shah Bros. - by reliquidating the merchandise in question at the tariff and tax rates claimed in the

amended complaint - no live controversy remains between the parties.").
Judgement, therefore, must be entered in RIFP's favor, and this case
must be dismissed as moot.

## CONCLUSION

WHEREFORE, the Government respectfully requests that the
proposed order granting relief in favor of plaintiff pursuant to the confession
of judgment, attached hereto, be entered.


Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

By:   /s/ Justin R. Miller
      JUSTIN R. MILLER
      Attorney-In-Charge
      International Trade Field Office

      /s/ Hardeep K. Josan
      HARDEEP K. JOSAN
      Trial Attorney
      International Trade Field Office
      Department of Justice, Civil Division
      Commercial Litigation Branch
      26 Federal Plaza, Room 346
      New York, New York 10278
      (212) 264-9245 or 9230

May 27, 2022                    Attorneys for Defendant