## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS, INC., | : |
| | : |
| | : |
| Plaintiff, | : Ct. Nos. 21-00063, 21-00178 |
| | :           21-00318, 21-00319 |
| | : |
| v. | : Before: M. Miller Baker, |
| | :            Judge |
| UNITED STATES, | : |
| | : |
| Defendant. | : |
| | : |

### ORDER

Upon consideration of plaintiff's motion for consolidation or test case designation and suspension, defendant's opposition, and all other pertinent papers, it is hereby

ORDERED that plaintiff's motion be, and hereby is, denied.


Dated: _____, 2022                    _____

New York, NY                                    JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS, INC., | : | |
| | : | |
| Plaintiff, | : | Ct. Nos. 21-00063, 21-00178, |
| | : | 21-00318, 21-00319 |
| | : | |
| v. | : | Before: M. Miller Baker, |
| | : | Judge |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONSOLIDATION OR TEST CASE DESIGNATION AND SUSPENSION

The United States (the Government), pursuant to Rules 42 and 83 of the United States Court of International Trade, hereby submits this opposition to plaintiff's motion for consolidation or, alternatively, motion for test case designation and suspension.  In light of our Motion for Entry of Confession of Judgment in Plaintiff's Favor (Dkt. No. 22), there is no basis to consolidate court no. 21-00178 with plaintiff's recently filed complaints in court nos. 21-00063, 21-00318, and 21-00319, or to designate court no. 21-00178 as a test case.  Further, given that court no. 21-00178 is at a more advanced stage in litigation than

court nos. 21-00063, 21-00318, and 21-00319, judicial economy would not be served by consolidation or test case designation.

By way of background, Richmond International Forest Products, Inc. (RIFP) commenced these actions contesting U.S. Customs and Border Protection's (CBP) assessment of antidumping (AD) and countervailing duties (CVD), Section 301 duties, and merchandise processing fee (MPF) on its imports of hardwood plywood. These cases involve entries of hardwood plywood imported by RIFP from LB Wood (Cambodia) Co., Ltd., a manufacturer located in Cambodia. RIFP therefore declared the subject merchandise to have a country of origin of Cambodia at entry and the merchandise entered duty free. CBP determined that the country of origin of the subject merchandise was China and, at liquidation, assessed AD/CVDs, Section 301 duties and MPF applicable to merchandise from China.

RIFP filed a complaint in court no. 21-00178 on April 21, 2021, and recently filed complaints in court nos. 21-00063, 21-00318 and 21-00319 on May 5, 2022. As relief, RIFP seeks a refund of AD/CVDs, Section 301 duties and MPF. The parties are engaged in discovery in court no. 21-00178 whereas the Government's responses to the

complaints in court nos. 21-00063, 21-00318 and 21-00319 are due by July 5, 2022.

RIFP's motion for consolidation or test case designation and suspension should be denied because there is no need to further litigate court no. 21-00178. As explained in our Motion for Entry of Confession of Judgment in Plaintiff's Favor (Dkt. No. 22), filed in court no. 21-00178, RIFP has met its burden of proof to establish that the imported hardwood plywood covered by the entry in that case (entry number 990-0951371-6) was manufactured in Cambodia. Accordingly, there is no longer a case or controversy between the parties with respect to that entry. In contrast, the posture of court nos. 21-00063, 21-00318, and 21-00319 is very different. The complaints were only recently filed, and our responses are not due until July 5, 2022. And although the cases involve the same issue – whether the country of origin of the imported merchandise is Cambodia or China – the country of origin is determined based on the supporting evidence for each entry. Simply because plaintiff has met its burden with respect to the entry in court no. 21-00178 does not necessarily mean that the imported hardwood plywood covered by the entries in court nos. 21-00063, 21-00318 and 21-00319,

which include a variety of models and a greater quantity of products imported over an expanded time frame, is also of Cambodian origin. Further, test case designation is inappropriate because the country of origin must be determined on an entry-by-entry basis by reviewing the supporting evidence. Disposition of court no. 21-00178 therefore would not be binding on the other cases. Accordingly, consolidation or test case designation would only delay resolution of court no. 21-00178 and would neither serve judicial economy nor the public interest.

WHEREFORE, the Government respectfully requests that plaintiff's motion be denied.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

By:   /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Hardeep K. Josan
HARDEEP K. JOSAN
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245 or 9230

May 27, 2022          Attorneys for Defendant