UNITED STATES COURT OF INTERNATIONAL TRADE
HON. M. MILLER BAKER, JUDGE
---------------------------------------------------------------------

| | | |
|---|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS LLC | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 21-178 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, U.S. CUSTOMS & BORDER PROTECTION | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------------

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR CONFESSION OF JUDGMENT

Plaintiff Richmond International Forest Products, LLC

submits this response in opposition to the United States' Motion

for Confession of Judgment. As an initial matter, Plaintiff

welcomes the fact that Defendant now agrees with Plaintiff's

claim that the goods covered by this case are of Cambodian origin.

However, Plaintiff did not consent to Defendant's Motion for

Confession of Judgment due to Plaintiff's belief that Defendant is

employing a strategy of delay in this litigation. This delay is

presumably to shield Defendant's conduct from judicial review

while Defendant also litigates issues in a separate ongoing court case challenging U.S. Customs and Border Protection's affirmative Enforce and Protect Act ("EAPA").[1] Specifically, in the EAPA case that Defendant presumably relied on to liquidate Plaintiff's entries as having an origin of China rather than Cambodia (<u>Am. Pac. Plywood v. United States</u>), CBP found evasion with respect to three unrelated importers. In this case Plaintiff can only speculate that Plaintiff has requested information from Defendant that may be prejudicial to Defendant in the EAPA litigation.

Defendant's decision to request confession of judgment is not based on any new information provided by Plaintiff during this litigation. Plaintiff provided CBP with ample information in its original protest proving that the country of origin of the merchandise on the protested entry was Cambodia, as claimed at the time of entry. CBP denied the protests without any apparent review of the voluminous information submitted by Plaintiff. Over the past year, Defendant has not served a single discovery request on Plaintiff.

---

[1] <u>See</u> <u>Am. Pac.  Plywood, Inc. v. United States</u>, Consol. Ct. No. 20-03914.

Defendant has charged Plaintiff with millions of dollars of duties (for both the protest challenged in this litigation and in other pending cases) without so much as providing Plaintiff with a single reason or fact as to why it is treating Plaintiff's products as being of Chinese origin. To further discovery in this case, Plaintiff served interrogatories and a request for production of documents on Defendant on January 28, 2022. Since the operative facts in case 21-178 are the same as the facts in cases 21-063, 21-318, and 21-319 (namely whether the plywood products imported by Plaintiff from LB Wood in Cambodia are of Cambodian origin as Plaintiff asserted at the time of entry), Plaintiff's January 28, 2022, discovery request is, for the most part, not specific to the denied protest at issue in case 21-178 (protest no. 5301-20-106603). Instead, the discovery requests simply seek the facts, if any, that led CBP to determine that Plaintiff's products are of Chinese, not Cambodian, origin. A copy of Plaintiff's January 28, 2022, discovery request is attached at **Exhibit A**.

Defendant's response to Plaintiff's discovery request was due on February 28, 2022. On February 28, 2022, Defendant asked

Plaintiff for an additional 30 days to reply to Plaintiff's discovery request and, as a matter of professional courtesy, Plaintiff agreed. Throughout this extension period, CBP continued its efforts in an audit of prior entries to charge Plaintiff millions of additional dollars on Plaintiff's imports from Cambodia – all without telling Plaintiff why, or based upon what facts, Defendant was taking its action.

On March 24, 2022, Defendant advised Plaintiff that Defendant would agree to settle Plaintiff's "claims."  Plaintiff was not clear on whether Defendant meant it would agree to settle Plaintiff's "claims" (1) in the instant case (21-178), (2) in all four of Plaintiff's cases pending before the Court (21-178, 21-063, 21-318, 21-319), (3) in an administrative protest that is still pending with CBP (protest no. 4601-21-125030), and/or (4) in an ongoing audit (referenced above and since concluded) in which CBP has claimed that Plaintiff also owed CBP millions of dollars based on the same change in country of origin.  In response, Plaintiff indicated to Defendant that settlement would only be acceptable to Plaintiff should Defendant take the same action with respect to all of

Plaintiff's entries – particularly since Plaintiff provided Defendant with the substantially same type of documentation for each entry at issue in the administrative protests (and in the audit). Plaintiff requested the factual basis or reason as to why CBP would agree with Plaintiff's declared origin (Cambodia) in this case (case 21-178) but not in the others (cases 21-063, 21-318 and 21-319) given that the facts and documentation are substantially the same across the entries that are the subject of the protests, pending cases, and the now concluded audit. In response to this request, Defendant failed to provide any additional facts or reasoning for Defendant's prior determinations.

From Plaintiff's perspective, if Defendant believed that the documentation Plaintiff submitted with its protest was sufficient to conclude that Plaintiff's merchandise was of Cambodian origin here (case 21-178), Defendant, as a matter of logic, should reach the same result in the other cases (cases 21-063, 21-318 and 21-319) given that the documentation for all cases is substantially identical. Alternatively, if Defendant believed there were differences in the other entries that justified a different result,

Defendant should so advise Plaintiff. Thus far the only response on this request from Defendant's counsel was that she was not familiar with the documentation in the other cases.[2] Plaintiff offered to give Defendant more time to review the administrative protest files yet again. Defendant refused and advised Plaintiff's counsel that Defendant would proceed to file a motion for confession of judgment in case 21-178 with or without Plaintiff's support. Above all, Defendant insisted that it would not be responding to Plaintiff's January 28, 2022, discovery request. From this conduct, where CBP appears to have completely ignored thousands of pages of documentation submitted during the administrative protest phase and Defendant refuses to even look at other cases or seriously work toward resolution of them, Plaintiff can only conclude that Defendant seeks to shield CBP's

_____

[2] Plaintiff finds Defendant's statement to not be credible given that CBP must have reviewed that documentation in order for CBP to reach the conclusion to deny Plaintiff's protests. While counsel for Defendant may not have been familiar with the documentation, it strains credibility that Defendant was not familiar with the documentation. After all, if Defendant was unfamiliar with the documentation, how/why did Defendant deny Plaintiff's protest and determine at liquidation that Plaintiff's merchandise was of Chinese origin?

actions from judicial review while Defendant defends the agency action in <u>Am. Pac. Plywood, Inc. v. United States</u>, Consol. Ct. No. 20-03914.

Again, Plaintiff welcomes CBP's change of position in case 21-178, but the Court should not endorse Defendant's conduct. While Defendant is free to file its motion to confess judgment in case 21-178 (<u>Shah Bros. v. United States</u>, 38 CIT 1314, 9 F. Supp. 3d 1402 (2014)), doing so will result in the Defendant having wasted over a year of the Court's (and Plaintiff's) time. It would be one thing if Plaintiff and Defendant engaged in mutual discovery and Plaintiff provided Defendant with new documentation that caused Defendant to now agree with Plaintiff's claims. However, that is not the case. Rather, CBP simply reviewed its file again and advised Plaintiff that the documents submitted with Plaintiff's protest were, in fact, sufficient to establish the Cambodian origin of the imported merchandise.

Defendant's strategy only appears to be a strategy of delay while it retains millions of dollars it has improperly charged

Plaintiff. Indeed, just days ago, the Defendant asked Plaintiff for an extension of time to answer Plaintiff's complaints in cases 21-063, 21-318 and 21-319, even though those complaints are substantially identical to the complaint in case 21-178. Granting Defendant's motion "as is" (as proposed by Defendant) and entering judgment in this case will mean that the parties and the Court will have to again wait for Defendant to answer (for which it requests yet another 30 days), establish a new scheduling order and have discovery commence yet again in case 21-063, 21-318 and/or 21-319, leading to yet further delay. A year of litigation in case 21-178 (and all costs and expenses associated therewith) will have been wasted and Defendant has yet to identify a single fact that led CBP to liquidate Plaintiff's entries with Chinese, rather than Cambodian, origin and impose millions of dollars in liability. When a person is charged millions of dollars in duties by the government, the government should at least be required to provide the factual basis for the government's actions. This is not too much to ask.

Plaintiff believes that the Court should not endorse Defendant's strategy. Rather (consistent with Rule 1 of the Court, which favors interpreting the Court's rules so as "to secure the just, speedy, and inexpensive determination of every action"), the Court should (1) grant Plaintiff's motion for consolidation, which was filed three weeks before Defendant's motion for confession of judgment, (2) enter, based on Defendant's motion, ***partial*** judgment in Plaintiff's favor with regard to protest 5301-20-106603 (the protest at issue in case 21-178), and (3) order Defendant to answer expeditiously Plaintiff's January 28, 2022, discovery request in the context of the consolidated case (excluding any questions specific to protest 5301-20-106603), while simultaneously entering a new scheduling order for the consolidated case. By so ruling, the Court will be able to grant Defendant's motion without the delay and prejudice that Plaintiff will face from Defendant having not answered Plaintiff's prior legitimate discovery request.

Alternatively, should the Court believe test case designation is more appropriate than consolidation, with cases 21-063, 21-318

and 21-319 suspended under a newly designated test case 21-178, Plaintiff recognizes that its discovery request will be moot once the Court grants Defendant's motion for confession of judgment. However, once entry of judgment in the test case occurs, the Court and the parties will, per Rule 85(b), be required to confer regarding disposition of the suspended cases. Defendant would then have to evaluate its position in the suspended cases and offer a ***substantial justification*** for relitigating the issue already decided in the test case. Otherwise, <u>Shah Bros. v. United States</u>, 38 CIT 1314 (2014), the case relied on by the government in its confession of judgment motion, instructs that Plaintiff may be entitled to attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that the Court grant Defendant's Motion, but subject to the above proposed modifications (re consolidating first or designating a test case

designation).

Respectfully submitted,

Michael E. Roll
Brett Ian Harris
ROLL & HARRIS LLP
Attorneys for Plaintiff
1999 Avenue of the Stars – Suite 1100
Los Angeles, CA 90067
310-294-9501
michael.roll@thetradelawfirm.com

Jeffrey S. Grimson
Jill A. Cramer
MOWRY & GRIMSON, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com


By: /s/Michael E. Roll
One of Plaintiff's attorneys

Dated: June 29, 2022